IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:25cr489-MHT-JTA |
| | ) [18 U.S.C. § 1623] |
| CARL S. CHARLES | ) |
| | ) |
| | ) INDICTMENT |

The Grand Jury charges:

## BACKGROUND

1. On April 18, 2022, District Judge Liles C. Burke entered an order describing "the appearance of judge shopping" in a federal civil proceeding (2:22-cv-00167-ECM-SMD; hereafter *Walker*).

2. As a result of this order on May 10, 2022, a three-judge panel including judges from each federal judicial district in Alabama issued an order "to allow the panel to inquire about the issues raised by the counsel's actions" in *In re: Amie Adelia Vague, et al.*, (2:22-MC-3977-WKW; hereafter "*In re: Vague*"). On May 20, 2022, Senior District Judge W. Keith Watkins, Chief District Judge R. David Proctor, and Chief District Judge Jefferey U. Beaverstock engaged in a judicial inquiry regarding plaintiffs' counsels' actions in the underlying cases.

## COUNT 1
(False Statement before Grand Jury or Court)

3. That on or about May 20, 2022, in Montgomery County, in the Middle District of Alabama, the defendant,

CARL S. CHARLES,

while under oath as a witness in a hearing then being heard before the United States District Courts for the Middle, Northern, and Southern Districts of Alabama entitled *In re: Amie Adelia Vague, et*

*al*, knowingly did make a false material declaration, that is to say: At the time and place aforesaid, the Court was engaged in an "inquir[y] about the issues raised by counsel's actions" referring to possible circumvention of random case assignment in the district courts. It was a matter material to said hearing to determine whether counsel directly contacted a judge's chambers regarding filings in an underlying case.

    4.    At the time and place alleged, CARL S. CHARLES, while under oath, did knowingly declare before said Court with respect to the aforesaid material matter, as follows:

> Q: Did you call anyone's chambers about the assignment of the case?
> A: No, your Honor.
> Q: You didn't call any judge's chambers?
> A: I did not make any telephone calls about this matter on the day we filed, Your Honor.
> Q: I'm not asking about the day you filed. I guess I'm asking about any day.
> A: My pause is only because I am endeavoring to be as candid as possible. I do not recall ever calling any chambers with this request, Your Honor, at any point.

Subsequently, while still under oath and with respect to the aforesaid material matter, did knowingly declare:

> Q: Speaking of good faith, I want you to think very carefully about this next question and answer you're about to give. Are you telling us that you did not call a judge's chambers and speak to a law clerk about the potential for a TRO in the *Walker* case?
> A: I apologize, Your Honor. Could you – I'm not sure I'm understanding your question. When you say potential of a TRO, I'm not sure what you mean.
> Q: About the potential filing of a TRO or intent to file a TRO or the handling of a TRO. You're saying that you have never had a communication with a judge's law clerk allowing for – discussing the filing of *Walker* and the potential for a TRO being filed in *Walker*.
> A: No, Your Honor.

The aforesaid testimony of CARL S. CHARLES, as he then and there well knew and believed, was false in that, on or about April 12, 2022, CARL S. CHARLES called District Judge Myron Thompson's chambers to discuss the filing of *Walker* and an upcoming request for a temporary restraining order and preliminary injunction.

In violation of Title 18, United States Code, Section 1623.

A TRUE BILL:

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
KEVIN P. DAVIDSON
ACTING UNITED STATES ATTORNEY

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
J. Patrick Lamb
Assistant United States Attorney