# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.: 2:25cr489-CMA-JTA** |
| | ) | |
| **CARL S. CHARLES** | ) | |

## <u>ORDER</u>

Pending before the Court is Defendant's unopposed Motion to Continue Trial [ECF No. 15]. Trial is currently set for the trial term beginning November 17, 2025. For the reasons set forth below, and pursuant to 18 U.S.C. section 3161(h), the Court finds that the trial should be continued.

While the grant of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

*Id.* § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In granting a trial continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv).

Defendant has moved for a continuance, stating he needs additional time to prepare for trial due to the voluminous paper discovery and audio evidence produced, and scheduling conflicts.

The Government does not oppose a continuance.  For these reasons, the ends of justice served by continuing the trial outweigh the best interest of the public and Defendant in a speedy trial.

Accordingly, it is **ORDERED** that the unopposed Motion to Continue Trial [ECF No. 15] is **GRANTED**.  The trial of this case is CONTINUED to the term of court beginning **May 11, 2026** in Montgomery, Alabama.  A status and scheduling conference is scheduled for **May 1, 2026** at **1:00 p.m. ET**.  The parties may appear at the status/scheduling conference via Zoom, Meeting ID: 160 5041 7377, Passcode: 052922.

All pre-trial motions and motions *in limine* must be filed by **April 3, 2026**.  Each party is limited to filing one motion *in limine*.  Motions *in limine* may exceed the page limits allowed by the Rules.

The deadline for the tendering of a guilty plea is **April 13, 2026**.  *See, e.g.*, *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999) (citing *United States v. Ellis*, 547 F.2d 863, 868 (5th Cir. 1977)).

Defendant is allowed to travel for work purposes without seeking prior Court approval.

**DONE** and **ORDERED** on this 17th day of September, 2025.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF FLORIDA**